Opinion of the Court.
THIS was a suit in chancery, brought in the circuit court by the heirs of Sullivan, to compel the Bateses and the other defendants in that court, to surrender the *42 legal title to part of three lots in the town of Louisville. The title was procured by the Bateses from the heirs of James Morrison, deceased, and part of the lots thereafter sold and conveyed by them to the defendants, the trustees of the Methodist Episcopal Church ; and the heirs of Sullivan, who were complainants in the court below, assert the superior equity, under a purchase made by their ancestor from Josiah Belt, who, they allege, had previously contracted for the lots with James Morrison, deceased, under whose heirs the defendants claim, and from whom the complainants allege, Josiah Belt obtained a written power of attorney to make the sale to their ancestor. The complainants charge in their bill, that the purchase under which they claim was made from Morrison in his lifetime, and they allege that the Bateses had full knowledge thereof, when they purchased and obtained the conveyance from Morrison’s heirs. The defendants deny notice of the claim set up by the complainants, and insist upon their being purchasers for a valuable consideration without notice, and put the complainants upon the proof of all the material allegations of their bill. The court pronounced a decree, dismissing the complainants’ bill with costs. From that decree the complainants appealed to this court.
Statement of the case.
The answer of a single witness, unaided by corroborating circumstances, not available against an answer in chancery.
1. The bill, we are of opinion, was correctly dismissed. Without enquiring into the other matters in contest between the parties, we are constrained to decide, that the evidence of notice to the Bateses, before they purchased and obtained the title from the heirs of Morrison, is insufficient to warrant a decree against them or those claiming through them. There is but the testimony of one witness, that of Josiah Belt, under whom the complainants claim, unaided by any corroborating circumstances, conducing in the slightest manner to show that the Bateses, or either of them, knew of the complainants’ claim, when they became purchasers; and were the evidence of Belt admitted competent and credible, it most clearly would not be sufficient to authorise a decree against the defendants ; for there is no rule of chancery practice better settled, and none more frequently acted on, than that the evidence of one witness, unaided by other circumstances, is insufficient to warrant a decree against the positive denial of the defendant on oath ; and we have seen that *43 the Bateses, in their answer, have expressly denied having had notice of the complainants’ claim, before they purchased and obtained the title from the heirs of Morrison. But there are circumstances displayed in the record, showing, very satisfactorily, that the evidence of Belt is not entitled to all the weight which is usually given to the testimony of a disinterested and indifferent witness. He is not only the person with whom the ancestor of the complainants is alleged by them to have contracted for the lots, but in the course of his evidence he expressly asserts and insists upon his claim to the lots. Were the rule of practice to which we have referred, therefore, not absolutely inflexible, it most indisputably ought never to be so relaxed as to permit a decree, contrary to the defendant’s answer, on the solitary testimony of a witness subject to all the imputations of bias, which are thus shown to exist against Belt.
The decree must, consequently, be affirmed with costs.